UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VLADYMIR CAMPOS,

                            Plaintiff,

                                                    DECISION AND ORDER

                                                    04-CV-6054L

             v.

CORRECTION OFFICER SMITH, et al.,

                            Defendants.

_____


     Plaintiff, Vladimir Campos, appearing *pro se*, commenced this action under 42 U.S.C.

§ 1983.  Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services ("DOCS"), alleges that defendants, who at all relevant times were correctional officers

employed by DOCS at Attica Correctional Facility, violated plaintiff's constitutional rights by failing

to protect him from assault by a fellow inmate on July 16, 2003.  Plaintiff also alleges that

defendants used excessive force against plaintiff on that same date.

     Defendants have moved for summary judgment on the ground that plaintiff has failed to

exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42

U.S.C. § 1997e(a).  For the reasons that follow, defendants' motion is granted and the complaint is

dismissed.

**DISCUSSION**

The PLRA provides in part that "[n]o action shall be brought with respect to prison conditions under [section 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies is thus a prerequisite to an inmate's § 1983 action arising out of prison conditions or events. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

New York State regulations provide for a three-step administrative review process of prisoner grievances. *See* 7 N.Y.C.R.R. § 701.7. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ... ." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review.

If the IGRC denies the grievance, the inmate may appeal to the superintendent of the facility "by filing an appeal with the IGP [Inmate Grievance Program] clerk." 7 N.Y.C.R.R. § 701.7(b)(1). After the superintendent issues his decision, the inmate may appeal to the Central Office Review Committee ("CORC"), which makes the final administrative determination. 7 N.Y.C.R.R. § 701.7(c). In general, it is only after exhausting all three levels of the administrative review that a prisoner may seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001); *Santos v. Hauck*, 242 F.Supp.2d 257, 259 (W.D.N.Y. 2003).

Here, the record shows that plaintiff filed a grievance ("the '03 grievance") about the July 16 incident on August 14, 2003. *See* Dkt. #26 at 8. That grievance, which was assigned number A-45552-03, complained of a "lack of security" in connection with the July 16 incident. *Id.* at 10. On

August 27, 2003, the IGRC denied the grievance, stating that plaintiff "must realize that security cannot prevent everything ... ."  *Id.* at 9.[1]

On January 5, 2004, plaintiff filed another grievance ("the '04 grievance"), raising the same claims about the July 16 incident.  *See id.* at 21.  In that grievance, which was assigned number A-46225-04, plaintiff also alleged that he had appealed the '03 grievance to the facility superintendent and to CORC, but that he never got any response.  *Id.*

The IGRC denied the '04 grievance, stating that its records indicated that there was no record that plaintiff had ever appealed the IGRC's decision on the '03 grievance.  *Id.* at 20.  It is undisputed that plaintiff did appeal the '04 grievance all the way to CORC, which affirmed the denial of the grievance on February 18, 2004, on the ground that plaintiff "had the opprtunity to appeal the IGRC recommendation" on the '03 grievance, but failed to do so.  *Id.* at 13.

Defendants contend that the complaint should be dismissed because of plaintiff's failure to exhaust his administrative remedies.  Specifically, defendants assert that plaintiff never appealed the '03 grievance.  Defendants also argue that plaintiff's failure in that regard was not remedied by his exhaustion of the '04 grievance, which was properly denied based on plaintiff's failure to appeal the '03 grievance.

In response to defendants' motion, plaintiff alleges that he attempted to appeal the '03 grievance, but that his attempts were thwarted by defendants' interference with his outgoing mail. In support of that assertion, plaintiff has submitted a copy of a one-page letter addressed to the Attica

---

[1]Plaintiff claims that he had filed another grievance about the July 16 incident on July 18, but never got any response.  As will be seen from the following discussion, whether the August 14 grievance was plaintiff's first or second one concerning this incident is immaterial to my decision.

Superintendent dated September 28, 2003, in which plaintiff stated that he was "hereby appealing the decision of the IGRC ... ."  Dkt. #30-3 at 9.  Plaintiff also stated in the letter that he had been "denied the right to exhaust [his] administrative remedies" because certain officers [including the defendants in this lawsuit] "have been stoping [sic] my out-going mail."  *Id.*

Curiously, however, the letter states that plaintiff was appealing the IGRC's denial of "Griev # A-46225-04"–*i.e.*, the '04 grievance, which was not filed until January 5, 2004, more than three months *after* the purported date of this letter.[2]  The letter also clearly references the IGRC's stated reasons for denying the '03 grievance; plaintiff wrote that the IGRC's denial "states that I never appealed any further."  Absent some psychic abilities on plaintiff's part, of which the Court has no evidence before it, he clearly could not have known in September 2003 that in the following January, he would file another grievance numbered A-46225-04, and that the IGRC would deny that grievance on the ground that plaintiff had not appealed the '03 grievance.

The conclusion is inescapable, then, that plaintiff has knowingly submitted a falsified exhibit in an attempt to rebut defendants' contention that he never appealed the '03 grievance.  That conclusion is reinforced by some of the other contents of the purported September 28 letter, which rather transparently appear designed to rebut some of defendants' other arguments as well, such as defendants' assertions that plaintiff's grievances failed to name the defendants in this action, and that the grievances failed to allege the use of excessive force against plaintiff by any correctional officers.  For example, the letter states that plaintiff was "denied the right to exhaust [his] administrative remedies do [sic] to Officer Miller, Officer Smith, Officer Giller and ... Sgt. Burns."  Those are the

---

[2]There is no ambiguity about the purported date of the letter.  The heading bears the notation, "Date:  9/28/03," and "9/28/03" again appears immediately below plaintiff's signature.

same individuals named as defendants in this action.  The letter also states that plaintiff was "hurt by excessive force used by these officer [sic] who have been named above."

A plaintiff's knowing presentation of a falsified document to a court is sufficient grounds for dismissal of his complaint.  *See*, *e.g.*, *Pope v. Federal Exp. Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) (dismissal of plaintiff's lawsuit as sanction for production and reliance upon manufactured document was remedy within inherent power of the court for abuse of judicial process); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir.), *cert. denied*, 502 U.S. 859 (1991) (affirming district court's dismissal of action where plaintiff had falsified parts of his deposition testimony); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1116-18 (1st Cir. 1989) (affirming district court's dismissal of action where plaintiff fabricated a crucial document and attached it to the complaint in order to "gain unfair advantage" in the litigation).   That is plainly what has occurred in this case, and I believe that dismissal is the appropriate response.

Even if the Court were not to dismiss the complaint for this reason, I would grant defendants' motion for summary judgment.  The Supreme Court has stated that a "party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designat[ing] specific facts showing that there is a genuine issue for trial.'"   *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).   Under this rule, "with a motion for summary judgment adequately supported by affidavits, the party opposing the motion cannot rely on allegations in the complaint, but must counter the movant's affidavits with specific facts showing the existence of genuine issues warranting a trial."  *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).  *See also Nichols v. Metropolitan Life Ins. Co.*, 180 F.Supp.2d 413, 419 (W.D.N.Y. 2001)

("Faced with this evidence on a motion for summary judgment, plaintiff must ... come forward with 'concrete evidence from which a reasonable juror could return a verdict in his favor'") (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986)).

Plaintiff has failed to carry this burden. Although he contends that he attempted to appeal the '03 grievance, that assertion is belied by plaintiff's use of falsified evidence to support it. The admissible evidence before the Court supports defendants' contention that plaintiff never appealed the '03 grievance, and plaintiff has shown no reason why he could not have done so. His allegation that his outgoing mail was being intercepted is supported only by an obviously sham, backdated letter, and is otherwise purely conclusory. Since plaintiff has not demonstrated that the usual grievance procedures were not available to him, *see Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004), his failure to appeal the '03 grievance, and his untimely filing of the '04 grievance, render his claims unexhausted for purposes of the PLRA. *See Williams v. Comstock*, 425 F.3d 175, 176 (2d Cir. 2005) (prisoner cannot circumvent PLRA's exhaustion requirement by failing to file timely grievance).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #23) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 28, 2006.